# United States Court of Appeals
# for the Fifth Circuit

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2023

Lyle W. Cayce
Clerk

No. 22-40192
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Kevin Michael Jefferson,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:20-CR-1921-1

---

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

On October 7, 2020, during a commercial inspection of the vehicle at the United States Border Patrol checkpoint north of Laredo, Texas, United States Border Patrol agents discovered approximately 100 illegal aliens in the back of the tractor-trailer truck driven by Kevin Michael Jefferson. Jefferson was convicted by a jury of one count of conspiring to transport an illegal alien

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40192

within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(I); he was sentenced within the guidelines range to 100 months of imprisonment and three years of supervised release. He raises two challenges on appeal, arguing that the evidence was insufficient to support his conviction and that the district court erred by admitting certain extrinsic evidence under Federal Rule of Evidence 404(b).

With respect to his sufficiency challenge, Jefferson's sole argument is that the Government failed to prove that he agreed with another person to commit the offense. Because he preserved his challenge to the sufficiency of the evidence by moving for a judgment of acquittal based on insufficient evidence at the close of the Government's case, which was the close of all evidence, his claim is reviewed de novo. *See United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018); Fed. R. Crim. P. 29. On de novo review, we determine whether "after viewing the evidence and all reasonable inferences in the light most favorable to the [Government], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). The question on appeal is not whether the jury's verdict was correct but whether it was rational. *United States v. Lopez-Urbina*, 434 F.3d 750, 757 (5th Cir. 2005).

The jury's verdict was rational. There was testimony by an eyewitness, corroborated by cellphone video, that Jefferson spoke with a driver who dropped off an alien who then boarded the trailer; testimony by a witness that he and Jefferson were recruited by the same individual to transport illegal aliens; and testimony by one of the aliens found on the trailer that he was brought to the trailer by smugglers and witnessed Jefferson close the trailer door. From this evidence, the jury could have reasonably inferred that Jefferson knowingly agreed, either expressly or tacitly, with one or more

other people to transport illegal aliens within the United States. *See* § 1324(a)(1)(A)(v)(I); *Vargas-Ocampo*, 747 F.3d at 301-02. Jefferson's "presence, association, and concerted action with others" involved in alien smuggling, when viewed in the light most favorable to the Government, was sufficient to establish the conspiracy element. *United States v. Jimenez-Elvirez*, 862 F.3d 527, 533-34 (5th Cir. 2017).

As for Jefferson's challenge to the admission of certain extrinsic evidence—testimony by a Border Patrol Agent regarding a September 19, 2020, incident, during which the agent found 11 undocumented aliens hiding in the trailer compartment of a truck, and Jefferson present in the cab compartment of the same truck—we review the district court's evidentiary ruling for abuse of discretion, subject to harmless-error analysis. *See United States v. Girod*, 646 F.3d 304, 318 (5th Cir. 2011). Evidence of extrinsic acts is admissible under Rule 404(b) only if it is relevant to an issue other than the defendant's character and it possesses probative value that is not substantially outweighed by undue prejudice. *See United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc); Fed. R. Evid. 404(b). However, as a threshold matter, because evidence of a prior bad act is only conditionally relevant under Federal Rule of Evidence 104(b), we must first "ascertain whether the jury was presented with sufficient evidence that the putative bad act actually occurred." *United States v. Gutierrez-Mendez*, 752 F.3d 418, 423 (5th Cir. 2014).

Jefferson challenges the relevancy of the evidence under Federal Rule of Evidence 104(b), without addressing the relevancy of the evidence under Rule 404(b). Even assuming that the evidence was erroneously admitted, given that there is ample evidence supporting Jefferson's guilt and that the error does not appear to have substantially influenced the jury's verdict, any error was harmless. *See United States v. Flores*, 640 F.3d 638, 643 (5th Cir.

No. 22-40192

2011); *United States v. Girod*, 646 F.3d 304, 318 (5th Cir. 2011).    The judgment of the district court is AFFIRMED.